WEISSINGER ET AL. v. DAVIS ET AL.

[73 South. 617, Division B.]

COUNTIES.  *Officers.  Liability for illegal acts.  Who may sue.*

> Under Code 1906, section 346, providing that if a board of super-
> visors shall appropriate any money to an object not authorized
> by law, the member of the board who did not vote against the
> appropriation shall be liable personally for such sum of money,
> to be recovered by suit in the name of the county, or in the
> name of any person who is a taxpayer who will sue for the use
> of the county, and who shall be liable, for cost, the tax-payer's
> right is fixed by the statute and if the object of the appropria-
> tion was lawful the taxpayer's suit must fail, and an averment
> in the declaration charging corruption will not confer upon such
> taxpayer a right to maintain the action.

APPEAL from the circuit court of Desoto county.

HON. E. D. DINKINS, Judge.

Suit by S. S. Weissinger and others, for the use of
themselves and others similarly situated, against E. P.
Davis and another. From a judgment sustaining a
demurrer to the declaration and dismissing the cause,
plaintiff appeals.

The facts are fully stated in the opinion of the court.

*R. F. B. Logan,* for appellant.

*Shands & Montgomery,* for appellees.

COOK, P, J., delivered the opinion of the court.

This suit was instituted by appellants, citizens and
taxpayers of Desoto county against the appellee E. P.
Davis, a member of the board of supervisors of said
county, and the surety on his official bond, to recover
for an appropriation made by the board of supervisors
"to an object not authorized by law," which appropria-

112 Miss.—40

tion it is averred that Mr. Davis did not vote against. The court sustained a demurrer to the declaration, the cause was dismissed, and the plaintiffs appeal.

This suit was brought under section 346, Code of 1906, and, inasmuch as the averments of the declaration clearly show that the alleged appropriation was made to an object authorized by law, we can find no warrant of law for the maintenance of this action. The right to sue is fixed by the statute, and plaintiffs did not bring themselves within its terms. Averments of facts which would infer corruption do not alter the case. The statute fixes the terms, and if the object for which the appropriation was made was lawful, that ends the matter.

It may be that the attorney-general or the district attorney of the district would be authorized to bring the suit made by the declaration, but it is certain that members of boards of supervisors may not be harassed with lawsuits of this class by taxpayers. We do not, of course, express an opinion as to the case if brought by the proper authority, and only mean to say that, although the declaration may make out a case properly brought, we nevertheless hold that the parties to this suit were not authorized to bring the suit.

*Affirmed and dismissed*